UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| DATATERN, INC.; § <br> AMPHION INNOVATIONS; and § <br> FIRESTAR SOFTWARE, INC.; § <br> § <br> Plaintiffs, § <br> § **No. 2:09-cv-38** <br> *vs.* § **JURY REQUESTED** <br> § <br> FOLEY & LARDNER LLP; § <br> § <br> Defendants. § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

DataTern, Inc. (hereinafter sometimes "DataTern") Amphion Innovations (hereinafter sometimes "Amphion") and FireStar Software, Inc. (hereinafter sometmes "FireStar") (DataTern, Amphion and FireStar are sometimes hereinafter jointly referred to as "Plaintiffs") file this Original Complaint complaining of Foley & Lardner LLP (hereinafter sometimes "Foley" or "Defendant"), and respectfully shows as follows:

## PARTIES

1.      Plaintiff DataTern, Inc. is a Texas corporation with its principal place of business located at 719 West Front Street, Tyler, Texas.

2.      Plaintiff Amphion Innovations is a public limited liability company incorporated in the Isle of Man.

3. Plaintiff FireStar Software, Inc. is a Delaware corporation with its principal place of business located at 161 Worcester Road, Framingham, MA 01701.

4. On information and belief, Defendant Foley & Lardner LLP is a foreign limited liability partnership organized under the laws of the State of Wisconsin, with a principal address of 777 E. Wisconsin Avenue, Suite 3800, Milwaukee, Wisconsin, and may be served with service of process by serving its registered agent, F&L Corp., at 777 E. Wisconsin Avenue, Suite 3800, Milwaukee, Wisconsin 53202-5306.

## VENUE AND JURISDICTION

5. Venue is appropriate in the United States District Court for the Eastern District of Texas, Marshall Division, pursuant to 28 U.S.C. § 1391(a)(1) and (c).

6. This Court has jurisdiction over Defendant Foley & Lardner LLP because Foley & Lardner LLP filed an application and was admitted to appear pro hac vice in *FireStar Software, Inc. v. Red Hat, Inc., et al.*, Civil Action No. 2-06cv-258, in the United States District Court for the Eastern District of Texas, Marshall Division. The representation of Plaintiffs by Foley & Lardner LLP in that litigation is the basis of this petition. This Court also has diversity jurisdiction in this case pursuant to 28 U.S.C. § 1332 (a) because (1) the suit involves a controversy between parties of different citizenship and (2) the amount in controversy exceeds $75,000.00, excluding interest and costs.

## BACKGROUND

7. DataTern and Amphion are companies that own intellectual property and are the holders and owners of numerous US patents. In 2007, DataTern and Amphion purchased certain valuable patents from FireStar. Plaintiffs discovered that some of their patents were being infringed

upon and filed claims against Red Hat, Inc. in an action styled *FireStar Software, Inc. v. Red Hat, Inc., et al.*, Civil Action No. 2-06cv-258, in the United States District Court for the Eastern District of Texas, Marshall Division (the "Lawsuit"). Plaintiffs were represented by Foley & Lardner LLP in the Lawsuit.

8. Plaintiffs never signed nor entered into a written fee agreement with Foley regarding Foley's representation of Plaintiffs. However, an agreement was reached between Plaintiffs and Foley that Foley would represent Plaintiffs in the Lawsuit (hereinafter the "Agreement" or "Contract"). The Agreement between Plaintiffs and Foley provided for, among other things, reasonable hourly rates to be charged by Foley only for tasks necessary to advance Plaintiffs' interests, and for approved third party expenses to be paid directly by Foley. Pursuant to the Agreement, Foley was to diligently pursue and prosecute all of Plaintiffs' patent infringement claims.

9. Over the course of approximately one (1) year, Foley failed to fully and adequately represent Plaintiffs' interests, failed to complete certain tasks while over-billing for other tasks that were unnecessary, and otherwise failed to adequately prosecute Plaintiffs' claims.

## BREACH OF CONTRACT

10. Plaintiffs incorporate paragraphs 1-9 above by reference as if fully set forth herein.

11. There is a valid, enforceable contract between Plaintiffs and Foley. By the acts described herein, Foley has breached the Contract.

12. All conditions to contract formation and to Defendant's liability on the Contract have occurred or have been performed by Plaintiffs. In the alternative, Plaintiffs' duty to perform all conditions precedent to Defendant's liability on the Contract have been waived or excused by Defendant's breaches of the Contract.

## DAMAGES

13. Plaintiffs incorporate paragraphs 1-12 above by reference as if fully set forth herein.

14. Defendant's actions have caused and will continue to cause damage to Plaintiffs. Plaintiffs are entitled to recover damages for the pecuniary loss of the benefits of the Contract and all other economic harm caused by Defendant's actions, which exceed $1,000,000.00.

## ATTORNEYS FEES

15. Plaintiffs incorporate paragraphs 1-14 above by reference as if fully set forth herein.

16. Defendant has breached the Contract, which allows Plaintiffs to seek attorneys' fees from Defendant as stated herein. The foregoing acts and omissions of Defendant have necessitated the employment by Plaintiffs of the undersigned attorneys. Plaintiffs seek and are entitled to recover from Defendant their reasonable and necessary attorneys' fees, costs and expenses incurred herein and on appeal.

17. By bringing these causes of action, Plaintiffs do not waive or release any rights, claims, causes of action, or defenses, or make any election of remedies, which they now have or may have, against Defendant, but expressly reserve all such rights, claims, causes of action, and defenses, whether or not the same have been asserted or may hereafter be asserted, in this or any other proceeding.

## JURY DEMAND

18. Plaintiffs request a jury trial.

WHEREFORE, PREMISES CONSIDERED, DataTern, Inc. and Amphion Innovations respectfully requests that Defendant Foley & Lardner LLP be cited to appear and answer herein and that Plaintiffs be granted the following relief:

(1) Judgment against Defendant for actual damages as described herein;

(2) Judgment against Defendant for attorneys' fees, costs and expenses;

(3) Judgment against Defendant for pre- and post-judgment interest at the highest rate and to the maximum extent permitted by law; and

(4) Judgment for such other and further relief, both special and general, at law or in equity, to which Plaintiffs may show themselves to be justly entitled.

Respectfully submitted,

*/s/ Robert R. Varner, Jr.*

**ROBERT R. VARNER, JR.**
State Bar No. 20499450
**STEVEN E. ALDOUS**
State Bar No. 00982100
**BRADEN, VARNER & ALDOUS, P.C.**
703 McKinney Ave., Suite 400
Dallas, Texas 75202
Ph. 214.740.0212
Fx. 214.740.0217

*Attorneys for Plaintiffs*