# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| DATATERN, INC.; | § | |
| AMPHION INNOVATIONS; and | § | |
| FIRESTAR SOFTWARE, INC.; | § | |
| | § | |
| Plaintiffs, | § | |
| | § | **No. 2:09-cv-38** |
| *vs*. | § | **JURY REQUESTED** |
| | § | **ECF** |
| FOLEY & LARDNER LLP; | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFFS' FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

DataTern, Inc. (hereinafter sometimes "DataTern"), Amphion Innovations (hereinafter sometimes "Amphion") and FireStar Software, Inc. (hereinafter sometmes "FireStar") (DataTern, Amphion and FireStar are sometimes hereinafter jointly referred to as "Plaintiffs") file this First Amended Complaint complaining of Foley & Lardner LLP (hereinafter sometimes "Foley" or "Defendant"), and respectfully show as follows:

## PARTIES

1.      Plaintiff DataTern, Inc. is a Texas corporation with its principal place of business located at 719 West Front Street, Tyler, Smith County, Texas.

2.      Plaintiff Amphion Innovations is a public limited liability company incorporated in the Isle of Man.

3.      Plaintiff FireStar Software, Inc. is a Delaware corporation with its principal place of business located at 161 Worcester Road, Framingham, MA 01701.

4.      Defendant Foley & Lardner LLP is a foreign limited liability partnership organized under the laws of the State of Wisconsin, with a principal address of 777 E. Wisconsin Avenue, Suite 3800, Milwaukee, Wisconsin, and was served with service of process and has filed an answer and has appeared herein.

## VENUE AND JURISDICTION

5.      Venue is appropriate in the United States District Court for the Eastern District of Texas, Marshall Division, pursuant to 28 U.S.C. § 1391(a)(1) and (c).

6.      This Court has jurisdiction over Defendant Foley & Lardner LLP because Foley & Lardner LLP filed an application and was admitted to appear pro hac vice in *FireStar Software, Inc. v. Red Hat, Inc., et al.*, Civil Action No. 2-06cv-258, in the United States District Court for the Eastern District of Texas, Marshall Division. The representation of Plaintiffs by Foley & Lardner LLP in that litigation is the basis of this petition. This Court also has diversity jurisdiction in this case pursuant to 28 U.S.C. § 1332 (a) because (1) the suit involves a controversy between parties of different citizenship and (2) the amount in controversy exceeds $75,000.00, excluding interest and costs.

## BACKGROUND

7.      DataTern and Amphion are companies that own intellectual property and are the holders and owners of numerous U.S. patents. In 2007, DataTern and Amphion purchased certain valuable patents from FireStar Software, Inc. Plaintiffs discovered that some of their patents were being infringed upon and Foley agreed to investigate, evaluate and prosecute Plaintiffs' claims. On Foley's advice and with Foley's assistance, Plaintiffs filed claims against Red Hat, Inc. in an action

styled *FireStar Software, Inc. v. Red Hat, Inc., et al.*, Civil Action No. 2-06cv-258, in the United States District Court for the Eastern District of Texas, Marshall Division (the "Lawsuit").

8.     Although Foley agreed to represent Plaintiffs with regard to general intellectual property and licensing matters, the fee agreement proposed by Foley was unacceptable to Plaintiffs and Plaintiffs refused to sign the proposed agreement.  Nevertheless, Foley agreed to move forward and to continue to represent Plaintiffs with regard to Plaintiffs' general intellectual property and licensing matters, including the investigation, evaluation and prosecution of any and all infringers of Plaintiffs' patents (the "Agreement").  Plaintiffs and Foley contemplated, worked on, and agreed to agree on a contingent fee agreement, or a hybrid hourly-contingent fee agreement, but Foley delayed in proposing and approving a contingent fee or a hybrid hourly-contingent fee agreement, so that they could continue to overwork the case and to misdirect Plaintiffs' attention from the enormous, unreasonable hourly fees Foley was all along intending to charge.  Pursuant to the Agreement, Foley agreed to represent Plaintiffs with regard to Plaintiffs' general intellectual property and licensing matters, including the investigation, evaluation and prosecution of any and all infringers of Plaintiffs' patents, and to diligently pursue and prosecute all of Plaintiffs' patent infringement claims, but failed to do so.

9.     Over the course of approximately one (1) year, Foley failed to fully and adequately represent Plaintiffs due to conflicts Foley had in representing Plaintiffs' interests which were adverse to the interests of other Foley clients; Foley failed to complete certain tasks while over-billing for other tasks that were unnecessary; Foley failed to obtain Plaintiffs' permission to retain certain third-parties for assistance in the Lawsuit, after making full disclosure about Foley's relationship to those third-parties; Foley failed to approve a contingent fee or hybrid hourly-contingent fee agreement; and

Foley otherwise failed to adequately investigate, evaluate and prosecute Plaintiffs' patents and failed to diligently pursue all of Plaintiffs' patent infringement claims.

## NEGLIGENCE

10. Plaintiffs incorporate paragraphs 1-9 above by reference as if fully set forth herein.

11. As described above, Plaintiffs and Defendant established an attorney-client relationship. Defendant breached the duty of care that arose from the attorney-client relationship by failing to fully and adequately represent Plaintiffs' interests; failing to complete certain tasks while over-billing for other tasks that were unnecessary; failing to follow, and disobeying, Plaintiffs' instructions; taking certain actions that were contrary to the clients' instructions and/or taking actions without authorization or instruction; delaying and not handling certain matters entrusted to their care by Plaintiffs (i.e. failing to investigate and prosecute claims relating to certain patents); failing to give advice, opinion, or relevant information when legally obligated to do so; improperly preparing and managing Plaintiffs' litigation; not performing reasonable investigation to identify all proper defendants; failing to conduct adequate discovery against defendants and third-party entities; and otherwise failing to adequately prosecute Plaintiffs' claims.

12. Defendant's negligence and breach of duty proximately caused injury to Plaintiffs, which resulted in economic damages to Plaintiffs. Plaintiffs seek all economic damages caused by Defendant's negligence and breach of duty, including the forfeiture of all attorney's fees and expenses incurred and/or paid by Plaintiffs to Defendant.

13. Plaintiffs' injury and losses also resulted from Defendant's gross negligence, which entitles Plaintiffs to exemplary damages under Texas Civil Practice & Remedies Code section

41.003(a), because Defendant acted with malice and conscience indifference to the rights of Plaintiffs.

## NEGLIGENT MISREPRESENTATION

14.     Plaintiffs incorporate paragraphs 1-13 above by reference as if fully set forth herein.

15.     Additionally, Defendant made numerous negligent misrepresentations to Plaintiffs in the course of litigation which caused irreparable harm and injury to Plaintiffs.  Specifically, prior to and during the time Defendant represented Plaintiffs, Defendant represented to Plaintiffs that:

a.     Defendant did not have any conflict of interest in representing Plaintiffs in the Lawsuit;

b.     Defendant would fully and fairly prosecute Plaintiffs' claims in the Lawsuit;

c.     Defendant would protect Plaintiffs' interests in U.S. Patent No. 5,522,077; U.S. Patent No. 5,542,078; U.S. Patent No. 5,937,402 and U.S. Patent No. 6,101,502;

d.     Defendant would manage Plaintiffs' Lawsuit in the most cost effective and efficient way possible;

e.     Defendant would charge Plaintiffs reasonable and fair market hourly rates for services rendered;

f.     Defendant would not charge Plaintiffs for time spent performing services not necessary to the prosecution of Plaintiffs' claims;

g.     Defendant would not retain third-party assistance in the Lawsuit without Plaintiffs' approval;

h.     Defendant would protect Plaintiffs' confidential/sensitive information; and

i.     Defendant would agree to a reasonable contingent fee agreement, or a reasonable hybrid hourly-contingent fee agreement.

16.     Defendant made the foregoing representations to Plaintiffs in order to induce Plaintiffs into the Agreement, and to continue to allow Defendant to represent Plaintiffs.

17.     At the time Defendant made the foregoing representations to Plaintiffs, Defendant knew them to be false.  Additionally, the representations were ongoing in nature and at no time during the Lawsuit did Defendant "come clean" regarding any of the misrepresentations.

18.     Plaintiffs relied upon the representations made by Defendant.  In fact, if Defendant had not made each and every one of the foregoing representations, Plaintiffs would never have agreed to allow Defendant to represent Plaintiffs in the Lawsuit, or to continue to represent Plaintiffs in the Lawsuit, and would have sought other counsel.  Defendant's negligent misrepresentations proximately caused Plaintiffs' injury.

## BREACH OF FIDUCIARY DUTY

19.     Plaintiffs incorporate paragraphs 1-18 above by reference as if fully set forth herein.

20.     Defendant, as Plaintiffs' counsel, owed a fiduciary duty to Plaintiffs.  As Plaintiffs' counsel and fiduciary, Defendant was required to act with abundant good faith, perfect candor, openness, and honesty, and without concealment or deception.  Defendant was required to render full and fair disclosure of facts material to Plaintiffs' representation, but Defendant failed to fully and fairly disclose that it had one or more conflicts of interest that precluded Defendant from honoring the fiduciary duty owed to Plaintiffs.  By the acts and omissions described herein, Defendant breached its fiduciary duty to Plaintiffs.

21.     As a result of Defendant's breach of fiduciary duty, Plaintiffs are entitled to recover their actual monetary damages, and are entitled to a return of all attorneys' fees previously paid to Defendant, plus the forfeiture of attorneys' fees incurred, but which were not paid.

## FRAUD

22.     Plaintiffs incorporate paragraphs 1-21 above by reference as if fully set forth herein.

23.    Defendant made numerous fraudulent and deceptive representations of fact to Plaintiffs, which include the following:

a.    Defendant did not have any conflict of interest in representing Plaintiffs in the Lawsuit;

b.    Defendant would fully and fairly prosecute Plaintiffs' claims in the Lawsuit;

c.    Defendant would protect Plaintiffs' interests in U.S. Patent No. 5,522,077; U.S. Patent No. 5,542,078; U.S. Patent No. 5,937,402 and U.S. Patent No. 6,101,502;

d.    Defendant would manage Plaintiffs' Lawsuit in the most cost effective and efficient way possible;

e.    Defendant would charge Plaintiffs reasonable and fair market hourly rates for services rendered;

f.    Defendant would not charge Plaintiffs for time spent performing services not necessary to the prosecution of Plaintiffs' claims;

g.    Defendant would not retain third-party assistance in the Lawsuit without Plaintiffs' approval;

h.    Defendant would protect Plaintiffs' confidential/sensitive information;

i.    Defendant would only send invoices to Plaintiffs for services necessary to the prosecution of Plaintiffs' claims;

j.    Defendant committed fraud by obtaining confidential information from Plaintiffs to use for Defendant's own interest, or for the interest of Defendant's other clients;

k.    Defendant fraudulently lengthened the litigation in an effort to increase billings; and

l.    Defendant would agree to a reasonable contingent fee agreement, or a reasonable hybrid hourly-contingent fee agreement.

24.    Defendant also fraudulently concealed numerous facts from Plaintiff that kept Plaintiff from learning about the full nature of Defendant's conflicts of interest which gives rise to

some or all of the causes of action stated herein, and Plaintiffs could not have learned of those facts that were concealed even in the exercise of reasonable diligence.

25.     As a result of Defendant's fraud, Plaintiffs are entitled to recover all actual damages, the forfeiture of all attorneys' fees paid and/or incurred, and exemplary damages.

## DTPA

26.     Plaintiffs incorporate paragraphs 1-25 above by reference as if fully set forth herein.

27.     Defendant violated the Texas Deceptive Trade Practices Act by making the following misrepresentations to Plaintiffs:

> a.     that Defendant did not have any conflict of interest in representing Plaintiffs in the Lawsuit;
>
> b.     that Defendant would fully and fairly prosecute Plaintiffs' claims in the Lawsuit;
>
> c.     that Defendant would protect Plaintiffs' interests in U.S. Patent No. 5,522,077; U.S. Patent No. 5,542,078; U.S. Patent No. 5,937,402 and U.S. Patent No. 6,101,502;
>
> d.     that Defendant would manage Plaintiffs' lawsuit in the most cost effective and efficient way possible;
>
> e.     that Defendant would charge Plaintiffs reasonable and fair market hourly rates for services rendered;
>
> f.     that Defendant would not charge Plaintiffs for time spent performing services not necessary to the prosecution of Plaintiffs' claims;
>
> g.     that Defendant would not retain third-party assistance in the Lawsuit without Plaintiffs' approval;
>
> h.     that Defendant would protect Plaintiffs' confidential/sensitive information;
>
> i.     that Defendant would only send invoices to Plaintiffs for services necessary to the prosecution of Plaintiffs' claims;

j.    coercing Plaintiffs into settlement of the Lawsuit without properly investigating Plaintiffs' claims and all potential defendants, resulting in a gross disparity between the value Plaintiffs received and what Plaintiffs could have received; and

k.    Defendant would agree to a reasonable contingent fee agreement, or a reasonable hybrid hourly-contingent fee agreement.

28.    Defendant further violated the Texas Deceptive Trade Practices Act by its failure to disclose to Plaintiffs that Defendant had conflicts of interest in representing Plaintiffs in the Lawsuit.

29.    Defendant further violated the Texas Deceptive Trade Practices Act by charging Plaintiffs an unconscionable fee for services.

30.    Defendant further violated the Texas Deceptive Trade Practices Act by its breach of express warranty to Plaintiffs that:

a.    Defendant did not have any conflict of interest in representing Plaintiffs in the Lawsuit;

b.    Defendant would fully and fairly prosecute Plaintiffs' claims in the Lawsuit;

c.    Defendant would protect Plaintiffs' interests in U.S. Patent No. 5,522,077; U.S. Patent No. 5,542,078; U.S. Patent No. 5,937,402 and U.S. Patent No. 6,101,502;

d.    Defendant would manage Plaintiffs' lawsuit in the most cost effective and efficient way possible;

e.    Defendant would charge Plaintiffs reasonable and fair market hourly rates for services rendered;

f.    Defendant would not charge Plaintiffs for time spent performing services not necessary to the prosecution of Plaintiffs' claims;

g.    Defendant would not retain third-party assistance in the Lawsuit without Plaintiffs' approval;

h.    Defendant would protect Plaintiffs' confidential/sensitive information; and

      i.     Defendant would only send invoices to Plaintiffs that represented services necessary to the prosecution of Plaintiffs' claims.

31.    As a result of Defendant's violations the Texas Deceptive Trade Practices Act, Plaintiffs are entitled to recover actual damages, attorneys' fees, and treble damages.

## BREACH OF CONTRACT

32.    Plaintiffs incorporate paragraphs 1-31 above by reference as if fully set forth herein.

33.    There is a valid, enforceable contract between Plaintiffs and Foley.  By the acts described herein, Foley has breached the Contract.

34.    Foley breached the Contract to provide the first rate, top quality, thorough and professional IP legal services promised in at least the following respects:

      a.     Foley failed to identify and retain technical experts independent of FireStar;

      b.     Foley failed to fully and aggressively evaluate each of DataTern, Inc.'s patents (including U.S. Patent No. 5,522,077; U.S. Patent No. 5,542,078; U.S. Patent No. 5,937,402 and U.S. Patent No. 6,101,502);

      c.     Foley failed to file and assert claims to protect Plaintiffs interests in U.S. Patent No. 5,937,402;

      d.     Foley failed to investigate, evaluate, interview and retain damage experts and to prepare a damage model in a timely manner;

      e.     Foley failed to interview an inventor (Coleman) of U.S. Patent No. 6,101,502;

      f.     Foley failed to interview a provisional inventor (Max Arai) on U.S. Patent No. 6,101,502;

      g.     Foley failed to interview several interested parties that Red Hat had interviewed, who were critical to the litigation;

      h.     Foley failed to perform routine discovery;

      i.     Foley failed to seek discovery of key Red Hat employees;

j.    Foley failed to send discovery to certain third parties;

k.    Foley failed to fully and fairly disclose that it had one or more conflicts of interest, which precluded Foley from fully and fairly articulating, conducting discovery on, and litigating Plaintiffs' patent rights;

l.    Foley failed to send discovery to third parties as a result of one or more conflicts it had with other clients represented by Foley;

m.    Foley failed to conduct discovery of the Red Hat escrow account and the indemnification rights that existed by, between and among Red Hat and JBoss;

n.    Foley failed to file complaints against Red Hat customers;

o.    Foley failed to file complaints or take any steps to protect Plaintiffs' patents against Sun Microsystems;

p.    Foley failed to implement policies and procedures and to follow good business practices in an effort to control litigation expenses and costs;

q.    Foley entered into third party vendor contracts which were unnecessary and without Plaintiffs' permission or input;

r.    Foley refused to pay third party vendor expenses (contracts with third parties were negotiated exclusively by Foley without Plaintiffs' permission or input) and forwarded third party vendor expenses directly to Plaintiffs for payment;

s.    Foley attempted to hide its various failures and breaches of contract by putting discovery materials on two (2) different computer systems;

t.    Foley failed to send third party discovery requests out to various persons or entities that Red Hat had served with third party discovery requests, due to undisclosed conflicts of interest;

u.    Foley failed and refused to add additional defendants to the Lawsuit in an effort to put additional settlement pressure on Red Hat due to undisclosed conflicts of interest;

v.    Foley failed to develop independent technical experts which were unrelated to the FireStar inventor and expert;

w.    Foley failed to develop damage models and utilize appropriate experts to determine the best alternatives for litigation and Plaintiffs' total damages;

x.    Foley failed to manage the litigation properly, including several aspects of discovery, wherein Foley produced irrelevant, non-responsive information which actually included confidential/sensitive information about current FireStar product offerings;

y.    Foley used third party vendors (Hudson Global) and included those charges in bills sent to Plaintiffs for payment;

z.    Foley put discovery materials on two (2) different computer systems which increased time and thereby costs, to review discovery materials, which unnecessarily increased the litigation costs to Plaintiffs;

aa.    Foley repeatedly put pressure on Plaintiffs to withdraw from the case at key stages in the case without any attempt to transition to new counsel, and without making full disclosure of the conflicts it had in representing Plaintiffs and other Foley clients;

bb.    Foley failed to do adequate, complete and thorough legal research (as there were no memos to the file, but nevertheless billed excessively for legal research); and

cc.    Foley failed to agree to a reasonable contingent fee agreement, or a reasonable hybrid hourly-contingent fee agreement, as previously agreed in the interim agreement.

35.    All conditions to contract formation and to Defendant's liability on the Contract have occurred or have been performed by Plaintiffs. In the alternative, Plaintiffs' duty to perform all conditions precedent to Defendant's liability on the Contract has been waived or excused by Defendant's breaches of the Contract.

36.    As a result of Defendant's breach of contract, Plaintiffs are entitled to recover actual damages, forfeiture of all attorneys' fees previously paid to Defendant, plus attorneys' fees incurred in this matter.

## ATTORNEYS FEES

37.    Plaintiffs incorporate paragraphs 1-36 above by reference as if fully set forth herein.

38.    Defendant has breached its fiduciary duty to Plaintiffs, committed fraud, violated the

Texas Deceptive Trade Practices Act and breached the Contract, which allows Plaintiffs to seek attorneys' fees from Defendant as stated herein.  The foregoing acts and omissions of Defendant have necessitated the employment by Plaintiffs of the undersigned attorneys.  Plaintiffs thus seek and are entitled to recover from Defendant their reasonable and necessary attorneys' fees, costs and expenses incurred herein and on appeal.

39.     By bringing these causes of action, Plaintiffs do not waive or release any rights, claims, causes of action, or defenses, or make any election of remedies, which they now have or may have, against Defendant, but expressly reserve all such rights, claims, causes of action, and defenses, whether or not the same have been asserted or may hereafter be asserted, in this or any other proceeding.

WHEREFORE, PREMISES CONSIDERED, DataTern, Inc., Amphion Innovations and FireStar Software, Inc. respectfully request that Plaintiffs be granted the following relief:

(1)     Judgment against Defendant for actual damages as described herein;

(2)     Judgment against Defendant for attorneys' fees, costs and expenses;

(3)     Judgment against Defendant for exemplary damages;

(4)     Judgment against Defendant for treble damages for violations of the Texas Deceptive Trade Practice and Consumer Protection Act;

(5)     Judgment that Defendant be ordered to forfeit all attorney's fees actually paid to Defendant, and that Defendant forfeit any claim to additional attorneys' fees and expenses that Defendant claims were incurred, but which remain unpaid;

(6)     Judgment against Defendant for pre- and post-judgment interest at the highest rate and to the maximum extent permitted by law; and

(7)     Judgment for such other and further relief, both special and general, at law or in equity, to which Plaintiffs may show themselves to be justly entitled.

Respectfully submitted,


/s/ Robert R. Varner, Jr.

**ROBERT R. VARNER, JR.**
State Bar No. 20499450
**STEVEN E. ALDOUS**
State Bar No. 00982100
**BRADEN, VARNER & ALDOUS, P.C.**
703 McKinney Ave., Suite 400
Dallas, Texas 75202
Ph. 214.740.0212
Fx. 214.740.0217

–and--

**GREGORY J. WRIGHT**
State Bar No. 22029800
**LAW OFFICE OF GREGORY J. WRIGHT**
208 N. Green Street, Suite 300
P.O. Box 3349
Longview, Texas 75606-3349
Ph: 903.238.9700
Fx: 903.238.9704

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on September 16, 2009, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Eastern District of Texas, using the electronic case filing system of the court.  The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

    Melissa R. Smith
    Gillam & Smith, L.L.P.
    303 South Washington Avenue
    Marshall, Texas 75670
    melissa@gillamsmithlaw.com

*/s/ Robert R. Varner, Jr.*

ROBERT R. VARNER, JR.